THE LAW OFFICES OF JACOB ARONAUER
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**REYNALDO TRINIDAD, on behalf of himself
and others similarly situated,**

                                **Plaintiff,**      COMPLAINT

               -against-                       FLSA COLLECTIVE
                                                             ACTION

**LE-SE AMSTERDAM 732 RESTAURANT,
INC. d/b/a DIVE BAR 96TH, THREE**           ECF CASE
**HOOPLES, LTD. d/b/a BROADWAY DIVE
and 101 WEST 75 BAR & REST.
ENTERPRISES, LTD. d/b/a DIVE 75 and
LEE S. SEINFELD, individually,**

                                **Defendants.**
------------------------------------------------------------------------X

      Plaintiff Reynaldo Trinidad ("Plaintiff Trinidad" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of LE-SE Amsterdam 732 Restaurant d/b/a Dive Bar 96th, Three Hooples, Ltd. d/b/a Broadway Dive and 101 West 75 Bar and Rest. Enterprises, Ltd. d/b/a Dive 75 and Lee S. Seinfeld ("Seinfeld"), individually (collectively herein the "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff and all similarly situated employees to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New

York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked at the restaurants controlled and operated by Lee S. Seinfeld.

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the restaurants owned and controlled by the Defendants located in New York, New York.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act, for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for Defendants' unlawful actions, compensation for Defendants' failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Reynaldo Trinidad**

8. Plaintiff Trinidad is an adult individual residing in the Bronx, New York.

9. Plaintiff Trinidad is currently employed at Dive Bar 96th at 732 Amsterdam Ave., New York, NY 10025 as a cook.

10. Plaintiff Trinidad was hired at Dive Bar 96th on May 19, 2016.

11. Plaintiff Trinidad is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

12. On information and belief, since 1989, Defendant Lee S. Seinfeld has owned and maintained control, oversight, and the direction of Dive Bar 96th, a bar located at 732 Amsterdam Avenue, New York, NY 10025.

13. On information and belief, since 1991, Defendant Lee S. Seinfeld has owned and maintained control, oversight, and the direction of Broadway Dive, a bar located at 2662 Broadway, New York, NY 10025.

14. On information and belief, since 1996, Defendant Lee S. Seinfeld has owned and maintained control, oversight, and the direction of Dive 75, a bar located at 101 West 75th St., New York, NY 10023.

15. Defendant Lee S. Seinfeld is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/or agent of Dive Bar 96th, Broadway Dive and Dive 75. Defendant Seinfeld exercised sufficient control over Dive Bar 96th, Broadway Dive and Dive 75 to be considered Plaintiff's employer under

the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Dive Bar 96th, Broadway Dive and Dive 75.

16. Defendant Seinfeld operates Dive Bar 96th, Broadway Dive and Dive 75 as a single integrated enterprise. Specifically, Dive Bar 96th, Broadway Dive and Dive 75 are engaged in related activities and have a common business purpose.

17. At all times relevant to this action, Dive Bar 96th has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

18. At all times relevant to this action, Broadway Dive has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19. At all times relevant to this action, Dive 75 has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20. On information and belief, Defendant Dive Bar 96th has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person; and (2) an annual gross volume of sales in excess of $500,000.00.

21. On information and belief, Defendant Broadway Dive has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person; and (2) an annual gross volume of sales in excess of $500,000.00.

22. On information and belief, Defendant Dive 75 has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person; and (2) an annual gross volume of sales in excess of $500,000.00.

23. On information and belief, Dive Bar, Broadway Dive and Dive 75 operate as a single integrated enterprise and collective have (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person; and (2) an annual gross volume of sales in excess of $500,000.00.

## **COLLECTIVE ACTION ALLEGATIONS**

24. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated cooks who are current and former employees of Dive Bar 96th, Broadway Dive and Dive 75 since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

25. The FLSA Collective consists of approximately 15 similarly situated current and former cooks at Dive Bar 96th, Broadway Dive and Dive 75 who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

26. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

27. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

28. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

29. The position of cook is not exempt and has never been exempt. Cooks, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

30. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

31. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

32. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

33. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

<u>**FACTS**</u>

**Lee S. Seinfeld's Restaurants**

34. On information and belief, Lee S. Seinfeld is the owner of Dive Bar 96th, Broadway Dive and Dive 75.

35. Dive Bar 96th is a bar located at 732 Amsterdam Avenue, New York, NY 10025.

36. Upon information and belief, Dive Bar 96th opened in 1989.

37. Broadway Dive is a bar located at 2662 Broadway, New York, NY 10025.

38. Upon information and belief, Broadway Dive opened in 1991.

39. Dive 75 is a bar located at 101 West 75th Street, New York, NY 10023.

40. Upon information and belief, Dive 75 opened in 1996.

41. Seinfeld operates Dive Bar 96th, Broadway Dive and Dive 75 as a single integrated enterprise. Specifically, all three bars share a website - divebarnyc.com - where they are referred to collectively as "Dive Bars NYC."

**Plaintiff Trinidad's Employment at Dive Bar 96th**

42. Plaintiff Trinidad has worked as a cook for Defendants from May 19, 2016 to the present.

43. From the time of his hiring on May 19, 2016 through May 16, 2017, Plaintiff Trinidad was scheduled to work more than 40 hours each week (the "Relevant Time Period").

44. During the Relevant Time period, each week, Plaintiff Trinidad worked Tuesday through Friday from 10am to 6pm, and Saturday and Sunday from 10am to 12am. During the Relevant Time Period, Plaintiff worked a total of 60 hours per week.

45. During the Relevant Time Period, Plaintiff Trinidad did not receive lunch breaks, but instead worked through his entire shift.

46. Throughout his employment with Defendants, even though Plaintiff Trinidad was not exempt, Plaintiff

47. On May 16, 2017, Plaintiff Trinidad was informed that on a go forward basis, he would only be scheduled to work on Saturday and Sunday, and would not work Tuesday through Friday.

48. Trinidad has not been paid overtime in compliance with the FLSA and NYLL.

49. Throughout Plaintiff Trinidad's employment, Defendants have not required Plaintiff Trinidad to "clock in" or use any other formal time tracking method with respect to his hours.

50. Throughout Plaintiff Trinidad's employment, each day Defendants have paid Plaintiff Trinidad for that day's work with an envelope filled with cash.

51. The envelopes do not contain any notation of the hours worked by Plaintiff Trinidad.

52. In fact, throughout his employment, Defendants never provided Plaintiff Trinidad with any documentation as to the hours he worked.

53. Furthermore, throughout his employment, Defendants never provided Plaintiff Trinidad with any documentation as to his rate of pay.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

56. Plaintiff worked in excess of forty hours during some workweeks in the relevant period.

57. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

58. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

59. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

60. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et se*.

**SECOND CAUSE OF ACTION**
**New York Labor Law-Unpaid Overtime**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants failed to pay Plaintiff the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

63. Defendants failed to pay Plaintiff one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

64. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

65. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day

designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

68. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

69. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each day beginning on December 29, 2014 that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law-Failure to Provide Wage Statements**

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and

overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

72. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

73. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred and fifty dollars for each workday beginning on December 29, 2014 that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants Dive Bar 96th, Broadway Dive and Dive 75 and Lee S. Seinfeld, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(c) Damages for unpaid overtime due to Plaintiff and the FLSA Collective in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(d) Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand hundred dollars as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For prejudgment interest on the foregoing amounts;

(h) For the costs and disbursements of this action, including attorneys' fees; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: May 23, 2017
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

Respectfully submitted,

*/s/ Jacob Aronauer*_____
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 100017
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*